**Original filed 6/28/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTIN W. SMYKLA, | ) | No. C 01-20991 JF (PR) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER OF PARTIAL |
| vs. | ) | DISMISSAL AND SERVICE |
| | ) | |
| SHERIFF HENNESSEY, Et Al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Martin W. Smykla filed this <u>pro se</u> civil rights complaint when he was incarcerated at the San Francisco County Jail as a pretrial detainee. Plaintiff's most recent address notification to the Court shows that he now resides in Napa, California. Upon an initial review of the complaint, the Court concluded that Plaintiff's allegations were sufficiently vague that it could not be determined from the complaint whether Plaintiff had exhausted his administrative remedies with respect to any of his claims, as required by 42 U.S.C. § 1997e, or whether the claims he had raised administratively were the same as those he sought to pursue in this action. The Court dismissed the complaint with leave to amend to cure these pleading deficiencies. Plaintiff filed an amended complaint, which the Court now reviews.

**BACKGROUND**

Plaintiff alleges that for fourteen months, from May 2001 through July 2002, Dr. Vivas of the San Francisco County Jail acted with deliberate indifference to Plaintiff's medical needs by failing to provide him with prompt and appropriate care for a serious sinus infection.  He states that by the time he was sent to the hospital to see a doctor on June 28, 2002 his sinuses were so impacted that an examination could not be performed and he had to be returned to the jail with a prescription that would alleviate his symptoms sufficiently for a proper examination.  When Plaintiff signed his amended complaint on July 11, 2002 he still had not received an examination.  Plaintiff alleges that he filed numerous medical grievances regarding his need for medical attention and he has attached copies of those grievances to his complaint.

Plaintiff further alleges that from May 7, 2001 through October 7, 2001 he was housed at County Jail #1 in overcrowded conditions which meant that inmates had to sleep on the floor, tensions among inmates increased, the dorms were "unsanitary," "badly ventilated, very noisy day and night, and unhealthy in every way," and that there was no opportunity for outdoor exercise and little indoor exercise.  Plaintiff attaches to his complaint prisoner grievances and city claim forms he filed regarding the overcrowding.

Plaintiff's final claim is that after he filed grievances and sought legal recourse regarding his medical care and the overcrowding, members of the San Francisco Sheriff's Department retaliated against him.

Plaintiff seeks injunctive relief and damages.  He names as Defendants Dr. Vivas and Sheriff Hennessey.

//

//

2

**DISCUSSION**

A.     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

1.     Claims for injunctive relief

Because Plaintiff no longer is incarcerated at the San Francisco County Jail, all of his claims for injunctive relief are DISMISSED as moot.

2.     Inadequate medical care

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.  See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).  Therefore, the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment, that of

3

1    "deliberate indifference" to an inmate's needs.  See id. (deliberate indifference standard

2    is applicable to pretrial detainees' medical claims).

3          Deliberate indifference to serious medical needs violates the Eighth

4    Amendment's proscription against cruel and unusual punishment.  See Estelle v.

5    Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

6    1992).  A determination of "deliberate indifference" involves an examination of two

7    elements: the seriousness of the prisoner's medical need and the nature of the

8    defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious"

9    medical need exists if the failure to treat a prisoner's condition could result in further

10   significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing

11   Estelle, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient

12   would find important and worthy of comment or treatment; the presence of a medical

13   condition that significantly affects an individual's daily activities; or the existence of

14   chronic and substantial pain are examples of indications that a prisoner has a "serious"

15   need for medical treatment.  Id. at 1059-60.  A prison official is deliberately indifferent

16   if he knows that a prisoner faces a substantial risk of serious harm and disregards that

17   risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825,

18   837 (1994); see McGuckin, 974 F.2d at 1060.

19         The Court finds that Plaintiff's allegation that he suffered from a severe sinus

20   infection which Dr. Vivas did not treat for fourteen months is sufficient to state a claim

21   for deliberate indifference to his serious medical need, and that he has sufficiently pled

22   the exhaustion of his administrative remedies with respect to this claim.

23         3.    Overcrowding

24         The Constitution does not mandate comfortable prisons, see Rhodes v.

25   Chapman, 452 U.S. 337, 349 (1981), and overcrowding itself is not a violation of the

26   Eighth Amendment, Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir. 1982).  However,

27

28                                              4

1    under certain circumstances overcrowding can result in specific effects which can form

2    the basis for an Eighth Amendment violation.  Id.  But a prison official violates the

3    Eighth Amendment only when two requirements are met: (1) the deprivation alleged

4    must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834, and (2) the

5    prison official possesses a sufficiently culpable state of mind, see id. (citing Wilson,

6    501 U.S. at 297).

7         The routine discomfort inherent in the prison setting is inadequate to satisfy the

8    objective prong of an Eighth Amendment inquiry; only "those deprivations denying

9    'the minimal civilized measure of life's necessities' are sufficiently grave to form the

10   basis of an Eighth Amendment violation."  Johnson v. Lewis, 217 F.3d 726, 731 (9th

11   Cir. 2000) (citations omitted).  In determining whether a deprivation of a basic

12   necessity is sufficiently serious to satisfy the objective component of an Eighth

13   Amendment claim, a court must consider the circumstances, nature, and duration of the

14   deprivation.  See id.  Plaintiff alleges that because of overcrowding inmates had to

15   sleep on the floor, tensions among inmates increased, the dorms were "unsanitary,"

16   "badly ventilated, very noisy day and night, and unhealthy in every way," and that there

17   was no opportunity for outdoor exercise and little indoor exercise.  Amend. Compl. at

18   6-7.  Standing alone, the nature of these deprivations as pled is not sufficiently serious

19   to meet the objective component of an Eighth Amendment violation.  This is

20   highlighted when Plaintiff's allegations regarding the duration of the deprivations are

21   considered as well.  He states that the overcrowding occurred from May through

22   October 2001, and also states that during that five-month period there were three

23   different occasions when Sheriff Hennessey remedied the overcrowding.  But he does

24   not say how long each remedial period lasted.  Thus, the duration of the alleged

25   deprivations cannot be inferred from Plaintiff's allegations.  Plaintiff's conclusory

26   allegations regarding the nature of the deprivations and their duration do not satisfy the

27

28                                              5

1  objective component of an Eighth Amendment claim.

2      Plaintiff also has failed to meet the subjective component of an Eighth

3  Amendment claim.  The fact alone that during the five-month period Sheriff Hennessey

4  on three occasions remedied the overcrowding defeats the assertion that he acted with a

5  sufficiently culpable state of mind.  A prison official acts with deliberate indifference

6  only if he knows that a prisoner faces a substantial risk of serious harm and disregards

7  that risk by failing to take reasonable steps to abate it.  Farmer, 511 U.S. at 837.  Even

8  if Sheriff Hennessey failed to remedy the overcrowding on a permanent basis, as a

9  matter of law the actions he is alleged to have taken during the five months at issue

10  negate a finding that he acted with deliberate indifference.  See Whitley v. Albers, 475

11  U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in

12  good faith, that characterize the conduct prohibited by the Cruel and Unusual

13  Punishments Clause, whether that conduct occurs in connection with establishing

14  conditions of confinement, supplying medical needs, or restoring official control over a

15  tumultuous cellblock.").

16      Plaintiff has failed to state a claim upon which relief may be granted for

17  overcrowding in violation of the Eighth Amendment.  Because further amendment of

18  this claim would be futile, the claim is DISMISSED WITH PREJUDICE.

19      4.    Retaliation claim

20      Plaintiff's final claim is that unidentified jail officials retaliated against him for

21  pursuing legal recourse with respect to his medical and overcrowding claims.  This

22  conclusory assertion does not meet the elements of a claim for relief.  See Rhodes v.

23  Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable

24  claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

25  state actor took some adverse action against an inmate (2) because of (3) that prisoner's

26  protected conduct, and that such action (4) chilled the inmate's exercise of his First

27

28                                        6

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").  Moreover, Plaintiff does not allege, nor has he attached grievance forms which show, that he exhausted his administrative grievances with respect to this claim.  Because a claim that was not exhausted prior to bringing a civil rights action must be dismissed, see Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), this claim is DISMISSED WITHOUT LEAVE TO AMEND.

## CONCLUSION

1.  Plaintiff's claim of deliberate indifference to serious medical needs may proceed.  The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter (docket no. 9), all attachments thereto, and a copy of this order on Defendant Dr. Vivas at the San Francisco County Jail.  The Clerk shall also serve a copy of this order on Plaintiff.

2.  Plaintiff's claims of overcrowding and retaliation are DISMISSED.

3.  In order to expedite the resolution of this case, the Court orders as follows:

a.  No later than **sixty (60) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion, or shall notify the Court that Defendant is of the opinion that this case cannot be resolved by such a motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date

7

1  Defendant's motion is filed.  The Ninth Circuit has held that the following notice

2  should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which
> they seek to have your case dismissed.  A motion for summary judgment
> under Rule 56 of the Federal Rules of Civil Procedure will, if granted,
> end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment.  Generally, summary judgment must be granted
> when there is no genuine issue of material fact--that is,  if there is no real
> dispute about any fact that would affect the result of your case, the party
> who asked for summary judgment is entitled to judgment as a matter of
> law, which will end your case.  When a party you are suing makes a
> motion for summary judgment that is properly supported by declarations
> (or other sworn testimony), you cannot simply rely on what your
> complaint says.  Instead, you must set out specific facts in declarations,
> depositions, answers to interrogatories, or authenticated documents, as
> provided in Rule 56(e), that contradict the facts shown in the defendant's
> declarations and documents and show that there is a genuine issue of
> material fact for trial.  If you do not submit your own evidence in
> opposition, summary judgment, if appropriate, may be entered against
> you.  If summary judgment is granted in favor of defendants, your case
> will be dismissed and there will be no trial.

14  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

15        Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

16  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)

17  (holding party opposing summary judgment must come forward with evidence showing

18  triable issues of material fact on every essential element of his claim).  Plaintiff is

19  cautioned that failure to file an opposition to Defendant's motion for summary

20  judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and

21  granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d

22  52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir.

23  1994).

24        c.  Defendant shall file a reply brief no later than **fifteen (15) days** after

25  Plaintiff's opposition is filed.

26        d.  The motion shall be deemed submitted as of the date the reply brief is

27

28                                          8

due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.[1]

5.  All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.  Extensions of time are not favored, although reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **ten (10)** days

---

[1]For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which could include some or all of the discovery Plaintiff might seek.  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is incarcerated he is not required to meet and confer with Defendants in person.  Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to Defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

1 | prior to the deadline sought to be extended.

2 | IT IS SO ORDERED.

3 | DATED: 6/28/06

JEREMY FOGEL
United States District Judge

10

1  This is to certify that on _____6/29/06_____ a copy of this order was mailed to the
2  following:

3  Martin W. Smykla
   1983953
4  NA-206184-4(Q7.8)
   2100 Napa Vallejo Hwy.
5  Napa, CA 94558-6292

6  Dr. Vivas
   850 Bryant Street
7  San Francisco County Jail #1
   San Francisco, CA 94103

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11